HON. EDWARD R. HAMMOCK Chairman, New York State Parole Board
This is in reply to your recent request for an opinion as to the application of Correction Law § 213 to an inmate who suffers from a mental disease or defect which requires continued psychiatric treatment. This inquiry does not present a question of law, but rather a question of fact. By its own terms, the statute speaks of "discretionary release" and demands that an individual assessment and decision be made in each instance.
You also inquire about the procedure to be followed by the Parole Board when a parolee is incapable of participating in his parole revocation hearing.
In respect to your first question, Correction Law § 213 provides:
 "Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board of parole is of opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society. If the board of parole shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and and enclosure upon such terms and conditions as the board shall prescribe and shall remain while thus on parole in the legal custody of the board of parole until the expiration of the maximum term or period of the sentence or return to an institution under the jurisdiction of the commissioner of correction." (Emphasis added.)
This section applies to all inmates in the custody of the Department of Correctional Services and there is neither statutory nor judicial exception for inmates suffering from mental disease or defects.
The presence of a mental disease or defect is a factor to be considered by the Board of Parole in the exercise of its discretionary power to release an inmate on parole. Before any inmate may be released on parole, the Board of Parole must conclude that there is a reasonable probability that the parolee will not violate the law and that the inmate's release will be compatible with the public welfare. The fact that an inmate suffers from a mental disease or defect and may require continued psychiatric treatment does not, as a matter of law, displace the Board's exercise of discretion as to whether to release that inmate on parole.
In respect to your second question, Correction Law § 212(7) provides, in pertinent part:
 "Whenever there is reasonable cause to believe that a person who is on parole or conditional release has violated the conditions thereof, the board of parole as soon as practicable shall declare such person to be delinquent. Thereafter, the board shall at the first available opportunity permit the alleged violator to appear personally, but not through counsel or others, before a panel of three members and explain the alleged violation. Such appearance shall be either at an institution under the jurisdiction of the state department of correction or at such other place as may be designated pursuant to rules and regulations of the board. The board shall within a reasonable time make a determination on any such declaration of delinquency either by dismissing the declaration or revoking the parole or conditional release * * *."
At the present time there are neither statutory nor judicial guidelines as to a parole revocation hearing where the parolee is believed to be incompetent to participate in his own hearing. It is suggested that the matter is one for legislation.
Criminal Procedure Law, Article 730, provides a statutory procedure where a criminal defendant is incapable of assisting in his own defense. An analogous procedure to deal with mentally ill parolees could be provided by the legislature. Correction Law § 402 (effective April 1, 1977) provides for judicial commitment of mentally ill inmates while confined in a correctional facility. In its present form, this law is not designed for parolees, but the procedures set forth therein could provide an analogy upon which the legislature can mold a statutory procedure to deal with a mentally ill parolee incapable of participating in his revocation hearing.
In the interim, should a situation arise where the parolee is incapable of participating in his revocation hearing, the board could apply to the courts for an order of examination of the mental condition of the parolee and a determination of the parolee's fitness to proceed.